F I L E D
United States Court of Appeals
Tenth Circuit

April 10, 2006

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DON WALTON,

        Plaintiff - Appellee -
        Cross-Appellant,

        v.

TESUQUE PUEBLO; TESUQUE PUEBLO
FLEA MARKET; MARVIN HERRERA,
individually and in his official capacity as
Governor of Tesuque Pueblo; CLARENCE
CORIZ; NORBERT LENO; MICHAEL
ALBERT VIGIL; HAROLD SAMUEL;
GARY MOQUINO; ALLEN DURAN;
ROBERT DORAME, JR.; CLIFFORD
MOQUINO, individually and in their official
capacities as Tribal Councilors of Tesuque
Pueblo; DUANE SILVA, individually and as
an officer of Tesuque Pueblo; TESUQUE
TRIBAL COURT; TESUQUE TRIBAL
CONTRACTORS, 1-10,

        Defendants - Appellants -
        Cross-Appellees.

---

JICARILLA APACHE NATION; THE
NAVAJO NATION; THE UTE
MOUNTAIN UTE TRIBE; THE PUEBLO
OF ACOMA; THE PUEBLO OF COCHITI;
THE PUEBLO OF ISLETA; THE PUEBLO
OF JEMEZ; THE PUEBLO OF LAGUNA;
THE PUEBLO OF NAMBE; THE PUEBLO
OF SANDIA; THE PUEBLO OF SAN

No. 04-2305 & 04-2310

JUAN; THE PUEBLO OF SANTA ANA;
THE PUEBLO OF SANTA CLARA; THE
PUEBLO OF SANTO DOMINGO; THE
PUEBLO OF ZIA,

Amici Curiae.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. CIV-04-236 RB/WDS)

Thomas C. Bird (David W. Peterson and Melanie L. Frassanito, with him on the briefs),
Keleher & McLeod, P.A., Albuquerque, New Mexico, appearing for Appellant/Cross-
Appellee.

Eric Treisman, Santa Fe, New Mexico, appearing for Appellee/Cross-Appellant.

Wayne H. Bladh, Teresa Leger de Fernandez, Noelle Graney, Nordhaus Law Firm, LLP,
Santa Fe, New Mexico, for Amicus Curiae Pueblos of Laguna, Santa Ana, and Santo
Domingo, and for the Jicarilla Apache Nation.

Louis Denetsosie, Attorney General, Navajo Nation Department of Justice, Window
Rock, Arizona, for Amicus Curiae Navajo Nation.

Peter Ortego, General Counsel, Ute Mountain Ute Tribe, Towaoc, Colorado, Amicus
Curiae for the Ute Mountain Ute Tribe.

Ann Berkley Rodgers and Peter C. Chestnut, Chestnut Law Offices, Albuquerque, New
Mexico, Amicus Curiae for the Pueblos of Acoma and Nambe.

C. Bryant Rogers and David R. Yepa, Roth Yanamberg Rogers Ortiz Fairbanks & Yepa,
LLP, Santa Fe, New Mexico, Amicus Curiae for the Pueblos of Cochiti and Jemez.

Reid Peyton Chambers, Sonosky, Chambers, Sachse, Endreson & Mielke, LLP,
Washington, D.C., and David C. Mielke, Sonosky, Chambers, Sachse, Endreson &
Mielke, LLP, Albuquerque, New Mexico, Amicus Curiae for the Pueblos of Isleta,
Sandia, and Zia.

Richard W. Hughes, Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenue, LLP, Santa Fe, New Mexico, Amicus Curiae for the Pueblo of Santa Clara.

Lee Bergen, Bergen Law Offices, LCC, Amicus Curiae for the Pueblo of San Juan.

Before **TACHA**, Chief Circuit Judge, **EBEL**, Circuit Judge, and **CASSELL**, District Judge.[†]

**TACHA**, Chief Circuit Judge.

Plaintiff-Appellee Don Walton brought this suit against Defendants-Appellants Tesuque Pueblo and various tribal officials (collectively, "tribal defendants" or "defendants") alleging violations of state and federal law after the tribe revoked his flea market vendor's permit. The tribal defendants moved to dismiss for lack of jurisdiction, claiming sovereign immunity barred the action. The District Court denied the motion in part, which the defendants now appeal, and granted the motion in part, which Mr. Walton cross-appeals. We have jurisdiction under 28 U.S.C. § 1291 over the denial of a motion to dismiss based on sovereign immunity. *See Decker v. IHC Hosps., Inc.*, 982 F.2d 433, 435 (10th Cir. 1992). We conclude the District Court erred in determining that it had jurisdiction under *Dry Creek Lodge v. Arapahoe and Shoshone Tribes*, 623 F.2d 682 (10th Cir. 1980), and therefore, we AFFIRM in part and REVERSE in part.

## I. BACKGROUND

[†]The Honorable Paul G. Cassell, District Judge of the United States District Court for the District of Utah, sitting by designation.

The Tesuque Pueblo issued Mr. Walton, a non-Indian, a vendor's permit to sell products at the Tesuque Pueblo Flea Market. After Mr. Walton had an altercation with another vendor, however, Tesuque officials revoked his permit. Mr. Walton then filed suit against the tribal defendants in Tesuque Pueblo Tribal Court. The defendants moved to dismiss for lack of subject matter jurisdiction based on sovereign immunity. Mr. Walton filed a response and the Tribal Court conducted a hearing on the matter. At the hearing, where Mr. Walton appeared and was represented by counsel, the Tribal Court ordered briefing on the issue of immunity and set a date for oral argument. After oral argument—again, Mr. Walton appeared and was represented by counsel—the Tribal Court granted the motion and dismissed the entire action as barred by sovereign immunity. Mr. Walton appealed the decision to the Pueblo of Tesuque Court of Appeals, which affirmed the Tribal Court.

Mr. Walton then commenced this action in the District of New Mexico. His complaint sought habeas corpus relief and damages for deprivation of liberty and property without due process of law in violation of the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303 ("ICRA"), as well as damages for breach of contract and various torts. Again, the tribal defendants moved to dismiss for lack of jurisdiction based on sovereign immunity. The District Court granted the motion with respect to Mr. Walton's petition for a writ of habeas corpus but it denied the motion as to the remaining non-habeas claims. It reasoned that although Indian tribes are generally entitled to sovereign

-4-

immunity under the Supreme Court's decision in *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978), Mr. Walton's lawsuit fell within the narrow exception to *Santa Clara Pueblo* established by this Court in *Dry Creek*, 623 F.2d 682. This appeal followed.

## II. DISCUSSION

We review a question of tribal sovereign immunity de novo. *Berrey v. Asarco, Inc.*, 439 F.3d 636, 643 (10th Cir. 2006). Indian tribes possess the same immunity from suit traditionally enjoyed by sovereign powers. *Santa Clara Pueblo*, 436 U.S. at 58. As with other forms of sovereign immunity, tribal immunity "is subject to the superior and plenary control of Congress." *Id.* Accordingly, absent explicit waiver of immunity or express authorization by Congress, federal courts do not have jurisdiction to entertain suits against an Indian tribe. *Id.* at 58–59; *Ordinance 59 Ass'n v. United States Dep't of the Interior Sec'y*, 163 F.3d 1150, 1153 (10th Cir. 1998). Mr. Walton argues that the District Court has jurisdiction pursuant to the ICRA, 25 U.S.C. §§ 1301–1303, and pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450–450n ("ISDEAA"). We address each statute in turn.

A.      The Indian Civil Rights Act

In *Santa Clara Pueblo*, the Supreme Court held that the ICRA does not authorize the maintenance of suits against a tribe nor does it constitute a waiver of sovereignty. *See* 436 U.S. at 59. Further, the ICRA does not create a private cause of action against a tribal official. *Id.* at 72. The only exception is that federal courts do have jurisdiction

-5-

under the ICRA over habeas proceedings. *Id.* at 58, 70 (citing 25 U.S.C. § 1303) (stating that "the only remedial provision expressly supplied by Congress" is the writ of habeas corpus). These holdings appear to conclusively resolve the jurisdictional issue in this case—at least with respect to Mr. Walton's non-habeas claims—but two years after *Santa Clara Pueblo*, in *Dry Creek*, this Court recognized a limited exception to the rule in *Santa Clara Pueblo*.

In *Dry Creek*, the plaintiffs, non-Indians, sought to build guest accommodations on a tract of land that they owned but that was located within an Arapahoe and Shoshone reservation. 623 F.2d at 684. After obtaining the approval of the reservation's superintendent, the plaintiffs began construction on the Dry Creek Lodge. *Id.* Once the lodge was completed, however, the two tribes' Joint Business Council permitted an Indian family to barricade a road on the family's property that had been the sole means of access to the lodge. *Id.* Dry Creek Lodge and the other plaintiffs sought relief with the tribal court, but the tribal judge refused to hear their case, stating that "he could not incur the displeasure of the Council" and that he would not do anything without the Council's permission. *Id.* The plaintiffs then sought relief in state court and the case was removed to federal court. *Id.* The tribes moved to dismiss the case as barred by sovereign immunity, but we permitted the suit to go forward in federal district court, reasoning that "[t]here has to be a forum where the dispute can be settled." *Id.* at 685.

*Dry Creek* has come to stand for the proposition that federal courts have

jurisdiction to hear a suit against an Indian tribe under 25 U.S.C. § 1302, notwithstanding *Santa Clara Pueblo*, when three circumstances are present: (1) the dispute involves a non-Indian; (2) the dispute does not involve internal tribal affairs; and (3) there is no tribal forum to hear the dispute. *See Ordinance 59 Ass'n*, 163 F.3d at 1156. Our jurisprudence in this field is circumspect, and we have emphasized the need to construe the *Dry Creek* exception narrowly in order to prevent a conflict with *Santa Clara*. *See id.* at 1157; *White v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir. 1984). Indeed, we have stated that the rule has "minimal precedential value" and in the twenty-six years since *Dry Creek*, with the exception of *Dry Creek* itself, we have never found the rule to apply. *Ordinance 59 Ass'n*, 163 F.3d at 1158–59 (citing *Bank of Okla. v. Muscogee (Creek) Nation*, 972 F.2d 1166, 1170 (10th Cir. 1992)); *Olguin v. Lucero*, 87 F.3d 401, 404 (10th Cir. 1996); *Nero v. Cherokee Nat. of Okla.*, 892 F.2d 1457, 1460 (10th Cir. 1989); *Enterprise Mgmt. Consultants, Inc. v. U.S. ex rel. Hoddel*, 883 F.2d 890, 892 (10th Cir. 1989); *White*, 728 F.2d at 1309; *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1346 (10th Cir. 1982); *Ramey Const. Co. v. Apache Tribe of the Mescalero Reservation*, 673 F.2d 315, 319 n.4 (10th Cir. 1982)).

Here, too, we have no difficulty concluding that the *Dry Creek* exception is inapplicable. The District Court held that Mr. Walton, like the plaintiffs in *Dry Creek*, had no tribal forum to settle the dispute. To the contrary, Mr. Walton successfully availed himself of a tribal forum, although the decision of that tribunal was ultimately

unfavorable to him. A tribal court's dismissal of a suit as barred by sovereign immunity is simply not the same thing as having no tribal forum to hear the dispute, *see Olguin*, 87 F.3d at 404 (holding that the third prong of the *Dry Creek* exception is not met when a tribal court has expressly agreed to hear the dispute), and such a ruling would come into direct conflict with *Santa Clara Pueblo.* As such, the District Court erred in concluding it had jurisdiction pursuant to the *Dry Creek* exception over Mr. Walton's non-habeas claims against either the Tesuque Pueblo or its individual officers.

As noted, however, federal courts do have jurisdiction under the ICRA to entertain habeas proceedings. Specifically, 25 U.S.C. § 1303 makes available to any person "[t]he privilege of the writ of habeas corpus . . ., in a court of the United States, to test the legality of his detention by order of an Indian tribe." Nevertheless, the District Court correctly dismissed Mr. Walton's habeas petition because Mr. Walton has not shown a sufficient restraint on liberty to trigger the application of § 1303.[1] It is clear to us that the expulsion of Mr. Walton, a non-Indian, from the Tesuque Pueblo Flea Market does not constitute a "detention" as that term is used in § 1303.[2] *Cf. Shenandoah v. United States*

---

[1]The "detention" language in § 1303 is analogous to the "in custody" requirement contained in the federal habeas statute. *Dry v. CFR Court of Indian Offenses for the Choctaw Nation*, 168 F.3d 1207, 1208 n.1 (10th Cir. 1999).

[2]In an affidavit and in his complaint, Mr. Walton also claims that he was banished from the Pueblo itself in July 2003, and that such banishment constitutes a sufficient restriction on liberty to trigger the application of § 1303. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 895 (2d Cir. 1996) (tribe member's banishment from tribal lands sufficient to confer jurisdiction under § 1303). In December 2003, however, the Governor of the Pueblo wrote Mr. Walton a letter clarifying that Mr. Walton had not

*Dept. of the Interior*, 159 F.3d 708 (2d Cir. 1998) (suspended or terminated employment and health insurance, as well lost distributions and prohibitions on speech, are insufficient restraints on liberty to constitute a "detention" under § 1303 and therefore confer jurisdiction).

B.      The Indian Self-Determination and Education Assistance Act

Mr. Walton also argues that federal jurisdiction exists under the ISDEAA, 25 U.S.C. § 450. The ISDEAA was enacted to promote tribal autonomy by permitting tribes to operate programs previously operated by the United States. *See Cherokee Nation of Okla. v. Thompson*, 311 F.3d 1054, 1055 (10th Cir. 2002), *rev'd on other grounds*, 543 U.S. 631 (2005). Mr. Walton relies on § 450f(c) as a source of jurisdiction over his negligence claims. We disagree. Section 450f(c)(1) requires the government to obtain liability insurance for tribes carrying out self-determination contracts[3] entered into under

---

been banished and was free to enter and traverse the Pueblo. Nothing in the record indicates that Mr. Walton has not been permitted to gain entry to the Pueblo since December 2003. Therefore, we need not determine whether the banishment of a non-Indian from tribal lands constitutes a detention under § 1303 because even assuming it does, Mr. Walton has not shown that he is currently prohibited from entering the Pueblo. *See Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (habeas petitioner must suffer from "present restraint"); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (under *Maleng*, "'in custody'" language of § 2254 . . . requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition."); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.").

[3]A self-determination contract is defined as:

the ISDEAA. In exchange for insurance coverage, the tribe agrees to waive its sovereign immunity with respect to suits arising out of the tribe's performance of its contractual duties. 25 U.S.C. § 450f(c)(3). In this case, however, Mr. Walton is not a party to a self-determination contract and his claims do not arise from any such contract. *See Demontiney v. U.S. Dept. of the Interior*, 255 F.3d 801, 813 (9th Cir. 2001) (no waiver of immunity when plaintiff was not a party to a self-determination contract with tribe). Accordingly, the ISDEAA is not a source of jurisdiction.

### III. CONCLUSION

Because Mr. Walton has not demonstrated the unavailability of a tribal forum to hear his dispute regarding the revocation of his vendor's permit, the *Dry Creek* exception to *Santa Clara Pueblo* is inapplicable. We further conclude that the ISDEAA does not confer jurisdiction in this case. Accordingly, we REVERSE the District Court's denial of the tribal defendants' motion to dismiss for lack of subject matter jurisdiction as to all non-habeas claims. We AFFIRM the District Court's dismissal of Mr. Walton's petition for a writ of habeas corpus because banishment from the Tesuque Pueblo Flea Market is not a sufficient restraint on liberty to confer jurisdiction under § 1303. Finally, all

---

[A] contract (or grant or cooperative agreement utilized under section 450e-1 of this title) entered into under part A of this subchapter between a tribal organization and the appropriate Secretary for the planning, conduct and administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal law . . . .

25 U.S.C. § 450b(j).

outstanding motions are DENIED.  The case is DISMISSED for lack of jurisdiction.