FILED
United States Court of Appeals
Tenth Circuit

December 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

HADASSAH MARA COHEN,

    Plaintiff-Appellant,

v.

DR. C. KIM WINKELMAN,
Comanche Nation College President;[*]
COMANCHE NATION COLLEGE,

    Defendants-Appellees.

No. 07-6241
(D.C. No. 5:07-CV-00645-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

Hadassah Mara Cohen appeals the district court's dismissal of her

complaint against the Comanche Nation College and its President, Dr. C. Kim

---

[*] Both Cohen and the district court spelled Winkelman's last name as "Winkleman" and, as a result, the appeal was docketed with that spelling. It appears from the record, however, that the correct spelling is "Winkelman." Accordingly, we have corrected the caption and use the correct spelling throughout this order and judgment.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Winkelman (collectively "the tribal defendants").[1]  Cohen alleges that the tribal

defendants violated her procedural due process and equal protection rights in

violation of § 1302 of the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301-

03, by terminating her employment contract.  The district court dismissed the

complaint on the basis of issue preclusion because it had previously concluded, in

a prior case between the same parties, that it lacked subject matter jurisdiction.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm on the alternative

ground that the district court lacked jurisdiction to entertain Cohen's second

lawsuit because of tribal sovereign immunity.

## I

The Comanche Nation ("the Nation") is a federally-recognized Indian tribe

located in Oklahoma.  See Indian Entities Recognized & Eligible to Receive

Services From the United States Bureau of Indian Affairs, 73 Fed. Reg. 18553,

18554 (Apr. 4, 2008).  In 2002, the Nation chartered the Comanche Nation

College ("the College") to "provide educational opportunities for Comanche tribal

members, members of other tribal nations, and others to learn the necessary

knowledge and skills to be successful in a multicultural society."  Charter,

Comanche Nation College, Art. II.  The College was designated as a tribal

---

[1] As the substance and caption of Cohen's complaint make clear, and as the district court indicated, Cohen is suing Winkelman in his official capacity as the College's president.  Cohen v. Winkleman ("Cohen II"), No. CIV-07-645-HE, 2007 WL 2746913, at *1 n.1 (W.D. Okla. Sep. 20, 2007).

enterprise pursuant to the Nation's "sovereign right of self-government and its authority to foster the general welfare and education of the Comanche citizens." Charter, Comanche Nation College, Pmbl.

On June 17, 2005, Cohen and the tribal defendants entered into the employment agreement giving rise to this lawsuit.[2]  Under the terms of the contract, Cohen was to serve for three years as the Director of Planning, Operations, and Assessments of the College beginning on August 15, 2005.  If the employment agreement were terminated without cause, the tribal defendants agreed to buy out Cohen's contract.  Despite this commitment, on September 9, 2005, the tribal defendants terminated Cohen's employment without cause yet refused to buy out the contract.

In November 2005, Cohen sued the tribal defendants in federal court alleging that they had (1) breached the employment agreement and, in so doing, (2) violated ICRA.  Cohen v. Winkleman ("Cohen I"), 428 F. Supp. 2d 1184, 1186 (W.D. Okla. 2006).[3]  On April 17, 2006, the district court granted the tribal defendants' motion to dismiss for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.  Id. at 1189.  Dismissal was predicated on

---

[2] Because this case reaches us following the tribal defendants' successful motion to dismiss, we accept as true all the allegations in Cohen's complaint. Ordinance 59 Ass'n v. U.S. Dep't of the Interior, 163 F.3d 1150, 1152 (10th Cir. 1998).

[3] No copy of the complaint in Cohen I appears in the record, so we rely on the district court's summary of the claims from its order dismissing that case.

the conclusion that the sovereign immunity of the Comanche Nation, which extended to Winkelman and the College, barred Cohen's breach of contract claim and deprived the court of jurisdiction. Id. at 1186. As to the ICRA claim, the court concluded that it did not fall within the narrow exception to tribal sovereign immunity we announced in Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes, 623 F.2d 682, 685 (10th Cir. 1980), and the court therefore lacked subject matter jurisdiction, Cohen I, 428 F. Supp. 2d at 1188-89. Cohen failed to meet the Dry Creek exception because she did not establish (1) that a tribal forum was unavailable or (2) that the allegations were outside internal tribal affairs. Id. at 1187-89.

On the basis of the Dry Creek exception, the district court found that Cohen failed to demonstrate unavailability of a tribal forum because "she ha[d] not yet filed suit or otherwise formally pursued this matter" in a tribal court. Id. at 1188; see White v. Pueblo of San Juan, 728 F.2d 1307, 1312 (10th Cir. 1984) ("In addition, to adhere to the principles of Santa Clara [Pueblo v. Martinez, 436 U.S. 49 (1978)], the aggrieved party must have actually sought a tribal remedy, not merely have alleged its futility."). Presumably prompted by this language, Cohen sought to establish unavailability by filing her claim in a tribal forum, the Court of Indian Offenses. That court dismissed Cohen's claim on May 17, 2007, because the Comanche Nation had not expressly waived its sovereign immunity. That decision was not appealed.

-4-

On June 6, 2007, Cohen once again sued Winkelman and the College in federal court seeking money damages for alleged violations of procedural due process and equal protection in violation of ICRA.[4] Cohen II, 2007 WL 2746913, at *1. The tribal defendants moved to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1). Cohen II, 2007 WL 2746913, at *1. Cohen failed to state a claim, the tribal defendants argued, because she was precluded by the decision in Cohen I from relitigating the lack of subject matter jurisdiction. Even if the issue were not precluded, the tribal defendants contended that the district court lacked subject matter jurisdiction because the Dry Creek exception to tribal sovereign immunity did not apply.

On September 20, 2007, the district court dismissed Cohen II because Cohen I precluded Cohen from establishing jurisdiction under Dry Creek. 2007 WL 2746913, at *2. This appeal follows.

## II

We review questions of tribal sovereign immunity de novo. Walton v. Tesuque Pueblo, 443 F.3d 1274, 1277 (10th Cir. 2006). "It is well established that Indian tribes possess the common law immunity from suit traditionally enjoyed by sovereign powers." Berrey v. Asarco, Inc., 439 F.3d 636, 643 (10th Cir. 2006) (citing Santa Clara, 436 U.S. at 58); see also Kiowa Tribe of Okla. v.

---

[4] In this second lawsuit, Cohen abandoned her breach of contract claim.

Mfg. Techs., Inc, 523 U.S. 751, 754 (1998); Puyallup Tribe, Inc. v. Dep't of Game of the State of Wash., 433 U.S. 165, 172-73 (1977).  Tribal sovereign immunity extends to subdivisions of the tribe, Native Am. Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1292 (10th Cir. 2008), and to tribal officials, so long as the officials are acting within the scope of their permissibly delegated official powers, see Burrell v. Armijo, 456 F.3d 1159, 1174 (10th Cir. 2006).  Yet, Congress retains plenary power to authorize a lawsuit against an Indian tribe, Santa Clara, 436 U.S. at 58, and a tribe may always waive sovereign immunity and consent to suit, Kiowa Tribe, 523 U.S. at 754; Native Am. Distrib., 546 F.3d at 1293; Walton, 443 F.3d at 1277; E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1304 (10th Cir. 2001); Ute Distrib. Corp. v. Ute Indian Tribe, 149 F.3d 1260, 1263 (10th Cir. 1998).  Absent congressional abrogation or an express waiver by the tribe, sovereign immunity deprives the federal courts of jurisdiction to entertain lawsuits against an Indian tribe, its subdivisions, or its officials acting within their official capacities.  See Native Am. Distrib., 546 F.3d at 1293; see also FDIC. v. Meyer, 512 U.S. 471, 475 (1994).

In this case, Cohen has sued both the College and its president, Winkelman. Neither party disputes that the College, as a chartered tribal enterprise of the Comanche Nation, constitutes a subdivision of the tribe for the purposes of sovereign immunity.  See Native Am. Distrib., 546 F.3d at 1293-95 (holding that a commercial venture of the Seneca-Cayuga Tribe constituted a tribal enterprise

protected by sovereign immunity).  Nor do the parties dispute that Winkelman is a tribal official acting in his official capacity and within the scope of his official duties.  See id. at 1297 ("[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." (quotation omitted)).  Thus, we have no reason to question the district court's determination that, absent abrogation or waiver, the sovereign immunity of the Comanche Nation extends both to the College and to Winkelman.  Because the tribal defendants have not expressly waived their sovereign immunity, Cohen's case may proceed in federal court only if Congress has abrogated that immunity.  See id. at 1293.

In Santa Clara, the Supreme Court held that ICRA abrogated the sovereign immunity of tribes only for habeas corpus actions brought under 25 U.S.C. § 1303.[5]  436 U.S. at 70.  Two years later, in Dry Creek, this court recognized a limited exception to Santa Clara's seemingly absolute holding that ICRA did not abrogate tribal sovereign immunity outside the habeas context.  623 F.2d at 685.  According to Dry Creek, a federal court has jurisdiction pursuant to § 1302 to entertain an ICRA lawsuit against an Indian tribe if:  (1) the dispute involves a non-Indian, (2) a tribal forum is unavailable, and (3) the dispute involves issues

---

[5] In relevant part, 25 U.S.C. § 1303 provides:  "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."  Cohen does not argue that her claim is cognizable under this section.

outside internal tribal affairs. Walton, 443 F.3d at 1278; Ordinance 59 Ass'n, 163 F.3d at 1156. In the nearly thirty years since that decision, we have applied the Dry Creek exception in only one case—Dry Creek itself. See Walton, 443 F.3d at 1278 (collecting cases). We have repeatedly emphasized its "minimal precedential value," Ordinance 59 Ass'n, 163 F.3d at 1158, reasoning that "the Dry Creek opinion must be regarded as requiring narrow interpretation in order to not come into conflict with the decision of the Supreme Court in Santa Clara," White, 728 F.2d at 1312.

Despite Dry Creek's "minimal precedential value," Cohen maintains that the federal district court had jurisdiction to hear her claim against the tribal defendants, arguing that she meets all three prongs. The tribal defendants, however, contest whether Cohen meets Dry Creek's second prong—unavailability of a tribal forum. In response, Cohen urges that a tribal forum was unavailable because the Court of Indian Offenses dismissed her claim as having been barred by sovereign immunity. Walton squarely forecloses Cohen's argument.

In Walton, we held that "[a] tribal court's dismissal of a suit as barred by sovereign immunity is simply not the same thing as having no tribal forum to hear the dispute." 443 F.3d at 1279. A contrary holding, we concluded, would directly conflict with Santa Clara. Id. As in Walton, Cohen cannot establish federal court jurisdiction under Dry Creek on the mere claim that the Court of Indian Offenses dismissed her case based on sovereign immunity. Because Cohen

cannot satisfy <u>Dry Creek</u>'s narrow exception, the Comanche Nation's sovereign immunity bars her claims against both tribal defendants. Thus, the district court lacked jurisdiction to entertain Cohen's lawsuit.[6]

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. The tribal defendants' motion for sanctions is **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[6] Although the district court found the issue of subject matter jurisdiction precluded by its decision in <u>Cohen I</u>, we need not resolve the case on that basis and may affirm the district court's ruling on alternative grounds. <u>United States v. Lott</u>, 310 F.3d 1231, 1242 n.7 (10th Cir. 2002).