**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

DOUGLAS DRY; ROSIE BURLISON;
JUANITA McCONNELL,

      Petitioners-Appellants,

v.

CFR COURT OF INDIAN OFFENSES FOR
THE CHOCTAW NATION; JAMES WOLFE,
Magistrate,

      Respondents-Appellees.

No. 98-7027

---

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 98-CV-11-S)**

---

Scott Kayla Morrison of Dry & Morrison Law Firm, Wilburton, Oklahoma, for
Petitioners-Appellants.

Robert L. Rabon of Rabon, Wolf & Rabon, Hugo, Oklahoma, for Respondents-
Appellees.

---

Before **BRORBY, McWILLIAMS** and **KELLY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Appellants, Douglas Dry, Rosie Burlison and Juanita McConnell, are Choctaw Indians charged with various violations of the Choctaw Criminal Code. After arraignment, the Court of Indian Offenses for the Choctaw Nation released Appellants on their own recognizance pending trial. Appellants then filed a petition for writ of habeas corpus in federal court, challenging the jurisdiction of the Court of Indian Offenses. The district court dismissed the petition, concluding Appellants were not "in custody" for purposes of 28 U.S.C. § 2241, and Appellants appealed. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and reverse. We review the district court's dismissal of Appellants' habeas petition *de novo*. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Federal courts have jurisdiction to grant writs of habeas corpus to persons "*in custody* in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2241(c)(3) (emphasis added). A petitioner must satisfy the

_____

[1] Petitioners also rely on the Indian Civil Rights Act, 25 U.S.C. § 1301, *et seq.*, as a basis for habeas corpus jurisdiction. The Indian Civil Rights Act makes habeas corpus "available to any person, in a court of the United States, to test the legality of his *detention* by order of an Indian tribe." 25 U.S.C. § 1303 (emphasis added). We read the "detention" language as being analogous to the "in custody" requirement contained in 28 U.S.C. § 2241. *See Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 890-93 (2d Cir.), *cert. denied*, 117 S. Ct. 610 (1996). As such, Appellants must meet the custody requirement discussed above whether the district court bases its jurisdiction on 25 U.S.C. § 1303 or 28 U.S.C. § 2241.

"in custody" requirement as a prerequisite to habeas corpus jurisdiction. *Carter v. United States*, 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied*, 469 U.S. 1161 (1985). A petitioner need not show actual, physical custody to obtain relief. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner is in custody for purposes of the statute if he or she is subject to "severe restraints on [his or her] individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). A restraint is severe when it is "not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

In this case, tribal authorities charged, arraigned, and released Appellants on their own recognizance pending trial.[2] Although Appellants are ostensibly free to come and go as they please, they remain obligated to appear for trial at the court's discretion. This is sufficient to meet the "in custody" requirement of the habeas statute. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-01 (1984) (concluding petitioner released on his own recognizance, after his conviction was vacated on application for a new trial, was "in custody" for purposes of habeas corpus statute); *Kolski v. Watkins*, 544 F.2d 762, 763-64 and n.2 (5th Cir. 1977) (holding petitioner released on his own recognizance after

_____

[2] The Court of Indian Offenses stayed the criminal proceedings pending resolution of this petition.

arrest was "in custody"); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293-94 (2d Cir. 1976) (concluding petitioner released on her own recognizance after indictment was in custody because she could be ordered to appear before the court at any time); *Oliphant v. Schlie*, 544 F.2d 1007, 1009 (9th Cir. 1976) (concluding petitioner's release on his own recognizance after being charged by tribal court "did not deprive the district court of jurisdiction" over habeas petition), *rev'd sub nom. on other grounds*, *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191 (1978).

Accordingly, we **REVERSE** the trial court's dismissal and **REMAND** for further proceedings. On remand, the district court should consider, in the first instance, whether Petitioners have sufficiently exhausted their tribal remedies. *See Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993) (discussing exhaustion requirement for § 2241 petitions); *Wetsit v. Stafne*, 44 F.3d 823, 826 (9th Cir. 1995) (concluding petitioners must exhaust tribal remedies before filing petition for writ of habeas corpus).