**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID RHODES,

    Petitioner-Appellant,

v.

PAGE TRUE, Warden, U.S.P.
Leavenworth,

    Respondent-Appellee.

No. 99-3026

(D.C. No. CV-96-3490-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

    Petitioner David Rhodes, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his petition under 28 U.S.C. § 2241. Additionally,

Petitioner appeals the district court's denial of his motion to proceed in forma

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

pauperis on appeal.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm. [1]

Petitioner is serving a 20-year sentence for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  Prison officials caught several prisoners, including Petitioner, planning a violent escape from the Federal Correctional Institution, Littleton, Colorado.  After a disciplinary hearing, prison officials disallowed 54 days of good time, ordered Petitioner to spend 60 days in disciplinary segregation, and recommended a disciplinary transfer to a federal penitentiary.

Claiming that prison officials violated his due process rights, Petitioner filed a petition for habeas corpus under 28 U.S.C § 2241.  The district court allowed Petitioner to proceed in forma pauperis in the district court, but denied Petitioner's habeas corpus petition on January 14, 1999.  Petitioner appealed the district court's order without either paying the $105.00 filing fee or filing a motion for leave to proceed in forma pauperis on appeal. [2]  On February 4, 1999, the district court ordered Petitioner to either pay the fee or file a motion to

---

[1]  A certificate of appealability under AEDPA is not required to appeal a final order in a case under 28 U.S.C. § 2241.  See McIntosh v. United States Parole Comm. , 115 F.3d 809, 810 n.1 (10th Cir. 1997).

[2]  The PLRA does not apply to an appeal of a final order in a case under 28 U.S.C. § 2241.   See McIntosh , 115 F.3d at 810-12.

proceed in forma pauperis within 20 days. Petitioner failed to do either, so the district court denied leave to proceed in forma pauperis on May 4, 1999.

Petitioner renews his motion to proceed in forma pauperis in this court. This motion is moot, however, because Petitioner is already entitled to proceed in forma pauperis: Petitioner proceeded in forma pauperis in the district court, and the district court never certified that the appeal was not taken in good faith or found that the Petitioner was otherwise not entitled to proceed in forma pauperis. See Fed. R. App. P. 24(a)(3); Singleton v. Hargett 1999 WL 606712 at *1 n.2 (10th Cir. 1999) (unpublished opinion) (dismissing as moot petitioner's motion to proceed in forma pauperis in the court of appeals). "Because he was permitted to proceed in forma pauperis in the district court, and because there has been no change to that designation, Petitioner retains his in forma pauperis status on appeal pursuant to Fed. R. App. P. 24(a)(3)." Id. See also Celske v. Edwards, 165 F.3d 396, 398 (7th Cir. 1998) (holding that the petitioner retained his leave to proceed in forma pauperis in the court of appeals because the district court had made no certification of bad faith).

Because Petitioner is entitled to proceed in forma pauperis, we now reach the merits of his appeal. The district court's dismissal of the application for habeas corpus is reviewed de novo. See Dry v. CFR Court of Indian Offenses for

-3-

the Choctaw Nation, 168 F.3d 1207, 1208 (10th Cir. 1999), cert. denied, 67 U.S.L.W. 3733, 68 U.S.L.W. 3030 (U.S. Oct. 4, 1999) (No. 98-1879).

Petitioner alleges that the disciplinary proceedings violated his due process rights because (1) some witnesses were not available at the hearing, (2) the hearing record did not include an FBI report about the planned escape or documents from Petitioner's § 2255 action, (3) officials gave informants favorable treatment, and (4) prison officials did not follow various prison investigatory policies. On appeal, Petitioner requests that the case be remanded for discovery and an evidentiary hearing.

The district court's scope of review of the disciplinary proceedings is limited: Prisoners are entitled to 24 hours notice before the hearing, an opportunity to call witnesses and present evidence, and a written statement of the evidence relied upon and the reason for the decision. See Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). The finding of a prison disciplinary body will be upheld if it is supported by some evidence in the record. See Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 454 (1985).

The hearing complied with the requirements of Wolff. Prison officials gave Petitioner at least 24 hours notice of the hearing and provided a detailed, written statement of reasons for the decision. Although prison officials did not produce all the witnesses Petitioner called, prison officials had valid reasons not

-4-

to produce the remainder, i.e., the witnesses were unable to come or they could have provided no relevant information.

Petitioner's other claims lack merit. The record does not show that prison officials withheld an FBI report. The documents from Petitioner's § 2255 action, allegedly showing that he would be released soon, were properly withheld as irrelevant to the issue of motive to escape. The record does not show that officials gave informants favorable treatment or disregarded prison regulations in conducting the investigation. Finally, Petitioner has not shown that he is entitled to discovery or an evidentiary hearing in the district court.

We have thoroughly reviewed the parties' briefs, the district court's orders, and the entire record before us, and for substantially the reasons set forth in the district court's January 14, 1999 order dismissing Petitioner's § 2241 petition, the order is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge