F I L E D
**United States Court of Appeals
Tenth Circuit**

**NOV 5 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

QUIRINO OLIVAS RODELA;
ANGELA CAMPAGNA RODELA,

Petitioners-Appellants,

v.

MICHAEL COMFORT, District
Director, Immigration and
Naturalization Service; JAMES W.
ZIGLAR, Commissioner, Immigration
and Naturalization Service; JOHN
ASHCROFT, Attorney General of the
United States,

Respondents-Appellees.

No. 03-1270
(D.C. No. 02-N-2009 (OES))
(D. Colo.)

ORDER AND JUDGMENT *

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Quirino Olivas Rodela and his wife, Angela Campagna Rodela ("Campagna Rodela"), filed a habeas corpus petition after Rodela was removed from the United States.  The district court dismissed the petition for lack of jurisdiction.  We affirm.

Rodela, a native of Mexico, was denied admission to the United States in 2000, after he presented false evidence of American citizenship. [1]  He later attained entry into the United States; when his presence was discovered, however, he was taken into custody and the original order of removal was reinstated.

During his incarceration prior to his removal, Rodela and Campagna Rodela–an American citizen–filed a pleading in the district court captioned "Motion for a Temporary Restraining Order, Declaratory and Injunctive Relief (Stay and Release)."  The district court denied a temporary restraining order on the basis that the motion was not supported by an affidavit or verified complaint.  The court further noted that "it does not appear that the petitioners have filed any petition, complaint, or similar pleading."  R., Doc. 6 at 1.

---

[1]     Rodela alleges that he originally entered the United States in 1992.  The record does not indicate when he returned to Mexico prior to being stopped at the border in 2000.

-2-

One week after the court entered this order, Rodela and Campagna Rodela filed a new pleading titled "Petition for Habeas Corpus, Temporary Restraining Order, Declaratory and Injunctive Relief." On the same day this document was filed, the government transported Rodela to Mexico and released him from custody. At a subsequent hearing, the district court dismissed the habeas petition for want of jurisdiction.

On appeal, Rodela and Campagna Rodela contend that it was error to dismiss the habeas petition as moot, as they continue to face collateral consequences arising from the removal order. The basis for the dismissal was not mootness, however; instead, the court found that it lacked jurisdiction at the inception of the litigation because Rodela was not in custody at the time he filed his habeas petition. If Rodela had been in custody at the time he filed his habeas petition, his deportation after the petition was filed–and the concomitant release from custody–might not have rendered the petition moot. See Zalawadia v. Ashcroft, 371 F.3d 292, 297-98 (5th Cir. 2004); cf. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement and mootness doctrine in context of criminal defendant who was released from incarceration after habeas petition was filed). So far as the record reveals, however, Rodela was discharged from custody before his petition reached the courthouse. Because Rodela was not in custody at the moment his habeas petition was filed, the district court properly

-3-

dismissed the petition for lack of jurisdiction.    See Dry v. CFR Court of Indian

Offenses , 168 F.3d 1207, 1208 (10th Cir. 1999).

For the foregoing reasons, the judgment of the district court is

AFFIRMED. [2]


                                        Entered for the Court


                                        Michael W. McConnell
                                        Circuit Judge

_____

[2]    The government has suggested that we treat Rodela's habeas petition and
notice of appeal as a petition for review of the reinstatement order.  It is not clear
that we would have jurisdiction to review that order, as Rodela declined to
exercise his right to contest the restatement order,    see 8 C.F.R. § 241.8(b);
arguably, therefore, he failed to exhaust administrative remedies,      compare
Castro-Cortez v. INS  , 239 F.3d 1037, 1045 (9th Cir. 2001) (stating that the right
to contest reinstatement order is, at most, a discretionary form of review that need
not be exhausted; relying on analogy to motions to reopen Board of Immigration
Board of Appeal proceedings)   with Akinwunmi v. INS , 194 F.3d 1340, 1341
(10th Cir. 1999) (per curiam) (requiring motion to reopen Board of Immigration
Appeals proceedings as necessary stage of exhaustion).  We need not resolve this
question, however; instead, in the exercise of our discretion, we decline to treat
Rodela's habeas petition and notice of appeal as a petition for review.