FILED
United States Court of Appeals
Tenth Circuit

October 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLEN PELLETIER; CARRIE LYNN
PELLETIER; HOBIE MATTHEW
WITT,

        Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
JOHN LONGSHORE, Field Director,
Immigration and Customs Enforcement,
Denver District; IMMIGRATION AND
CUSTOMS ENFORCEMENT, Denver
District; STEVEN M. BRANCH, Field
Office Director, Salt Lake City Field
Office,

        Defendants-Appellees.

No. 14-1078
(D.C. No. 1:11-CV-01377-WJM-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Glen Pelletier, Carrie Lynn Pelletier, and Hobie Matthew Witt appeal the district court's judgment against them, entered after the court granted (1) Defendants' partial motion to dismiss their second amended complaint ("Complaint") and (2) Defendants' subsequent motion for summary judgment. We dismiss Plaintiffs' appeal to the extent they challenge the district court's denial of their post-judgment motion filed under Fed. R. Civ. P. 60(b) because they failed to file a notice appealing that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse the district court's dismissal of Plaintiffs' application for habeas corpus relief under 28 U.S.C. § 2241, and remand for further proceedings on that claim. We otherwise affirm the district court's judgment.

## I.    Background

Plaintiffs' claims relate primarily to Defendants' failure to issue Mr. Pelletier, a Canadian citizen, a Form I-94 Arrival Departure Record when he entered the United States. They claim this failure prevents Mr. Pelletier from establishing that he was lawfully admitted to the United States, resulting in harm to all three Plaintiffs.

Mr. Pelletier is married to Ms. Pelletier, and Mr. Witt is her son. Ms. Pelletier and Mr. Witt are both United States citizens. Plaintiffs asserted in their Complaint that Mr. Pelletier has been lawfully admitted to the United States several times, most recently in June 2006. On August 28, 2008, he was detained in the United States by Immigration and Custom Enforcement agents. The next day he received a Notice to Appear ("NTA") on Form I-862, charging him with being an alien present in the

United States who has not been admitted or paroled. The NTA alleged, inter alia, that Mr. Pelletier had entered the United States without being admitted on or about January 2, 1996. Mr. Pelletier was provided with a Record of Deportable Alien on Form I-213, and a warrant for his arrest was issued on Form I-200. He posted bond on September 9, 2008, and was released from detention.

Plaintiffs alleged that Mr. Pelletier appeared at a hearing in Immigration Court and asked for a record of his most recent entry into the United States. After that request was denied, he sought disclosure of the same information under the Freedom of Information Act ("FOIA"). The FOIA response indicated that Mr. Pelletier had not been issued an I-94 document when he entered the United States. It also disclosed allegedly false remarks in the reporting system maintained by United States Customs and Border Protection ("CBP") concerning his entry into the United States. Plaintiffs alleged that Defendants relied on these false remarks in preparing the immigration forms relating to Mr. Pelletier.

In their Complaint, Plaintiffs first challenged the promulgation and execution of 8 C.F.R. § 235.1(h) and related policies in CBP's Inspector's Field Manual ("IFM")[1] under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706. Section 235.1(h) defines which aliens are issued a Form I-94 Arrival Departure Record. Plaintiffs also asserted that Defendants had violated their constitutional

---

[1]    The IFM is available at http://shusterman.com/pdf/cbpinspectorsfieldmanual.pdf.

- 3 -

rights to due process and equal protection. Next, citing Mr. Pelletier's allegedly unlawful arrest and detention, Plaintiffs sought a writ of habeas corpus claiming that, although he had been released from detention, he remained "in custody" pursuant to his immigration bond. Finally, they sought to "suppress" certain immigration forms regarding Mr. Pelletier, specifically the NTA, the Record of Deportable Alien, and the warrant for his arrest, which they claimed contain deliberate and malicious misrepresentations. Plaintiffs asked for declaratory, injunctive, and equitable relief, as well as writs of mandamus and habeas corpus.

The district court granted Defendants' partial motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) & (6), dismissing Plaintiffs' habeas, suppression, declaratory judgment, and equitable estoppel claims ("Dismissal Order"). After the parties filed cross motions for summary judgment, the district court granted Defendants' motion ("Summary Judgment Order") and entered a Final Judgment against Plaintiffs on the remaining claims, including their APA and constitutional claims. The district court subsequently denied Plaintiffs' motion to reconsider seeking relief from the Final Judgment under Fed. R. Civ. P. 60(b)(1).

On appeal, Plaintiffs challenge the district court's grant of summary judgment on their APA and constitutional claims and its dismissal of their suppression and habeas claims.

## II.    Discussion

### A.    Appellate Jurisdiction

We initially address the scope of our jurisdiction in this appeal.  Appellate

jurisdiction in a civil case depends on the filing of a timely notice of appeal.  *See*

*Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006).  The district court entered the

Final Judgment in this case on December 31, 2013.  Plaintiffs filed their Rule 60(b)

motion on February 25, 2014.  On March 3, 2014, they filed a timely notice

indicating their intent to appeal the Final Judgment, the Dismissal Order, and the

Summary Judgment Order.[2]  We therefore have jurisdiction to review the Final

Judgment and the preceding orders.  *See Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d

431, 444 (10th Cir. 1990) (stating "appellate review is limited to final judgments or

parts thereof that are designated in the notice of appeal").

Although Plaintiffs had commenced their appeal, the district court retained

jurisdiction to rule on their pending Rule 60(b) motion.  *See Aldrich Enters., Inc. v.*

*United States*, 938 F.2d 1134, 1143 (10th Cir. 1991).  The district court denied the

motion on June 19, 2014, and that order was separately appealable, *see Stouffer v.*

*Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999), but Plaintiffs did not file a notice of

appeal within 60 days, as required by Fed. R. App. P. 4(a)(1)(B).  And their March 3,

---

[2]    Because Plaintiffs' Rule 60(b) motion was not filed within 28 days of the
Final Judgment, it did not extend the time for filing their notice of appeal.  *See*
Fed. R. App. P. 4(a)(4)(A)(vi).  But Plaintiffs' March 3, 2014, notice of appeal was
still timely as to the district court's Final Judgment.

2014, notice appealing the Final Judgment was not sufficient to confer appellate jurisdiction to review the district court's later denial of their Rule 60(b) motion. *See Stouffer*, 168 F.3d at 1172 (rejecting claim that initial notice of appeal was sufficient to confer jurisdiction to review denial of Rule 60(b) motion). We therefore lack jurisdiction to reach Plaintiffs' claims challenging that post-judgment ruling.

**B.     Grant of Summary Judgment on APA Claim**

Plaintiffs argue that the district court misconstrued 8 C.F.R. § 235.1(h) in granting summary judgment in Defendants' favor on their APA claim. But Plaintiffs raised this contention for the first time in their Rule 60(b) motion, and we do not have jurisdiction to review the court's order denying that motion.

Plaintiffs alleged in their Complaint that 8 C.F.R. § 235.1(h) and the related IFM policies were promulgated and executed in violation of the APA. Section 235.1(h) provides, in relevant part:

> (h) Form I–94, Arrival Departure Record.
>
> (1) Unless otherwise exempted, each arriving nonimmigrant who is admitted to the United States will be issued a Form I–94 as evidence of the terms of admission. . . .  Form I–94 is not required by:
>
> (i) *Any nonimmigrant alien described in § 212.1(a) of this chapter **and** 22 CFR 41.33* who is admitted as a visitor for business or pleasure or admitted to proceed in direct transit through the United States.

8 C.F.R. § 235.1(h)(1)(i) (emphasis added). Section 212.1(a) references "[c]itizens of Canada or Bermuda, Bahamian nationals or British subjects resident in certain islands," and describes the visa and passport requirements for those aliens. 8 C.F.R.

- 6 -

§ 212.1(a). Section 41.33 addresses Canadian Border Crossing Cards (BCCs). *See* 22 C.F.R. § 41.33.

In its Summary Judgment Order, the district court rejected Plaintiffs' claim that Defendants executed § 235.1(h) and the related IFM policies in violation of the APA. It held that Defendants properly applied the plain meaning of these provisions to exempt Mr. Pelletier, a Canadian citizen, from the I-94 requirement. The court also determined that Plaintiffs' challenge to the promulgation of § 235.1(h) was barred by the statute of limitations.[3] And their challenge to the promulgation of the IFM policies failed because they are "interpretive" rather than "legislative" rules, and consequently are not subject to the rulemaking procedures applicable to regulations.

After entry of the Final Judgment, Plaintiffs contended in their Rule 60(b) motion that the district court had misconstrued § 235.1(h)(1)(i) by reading the word "and" in that subsection to mean "or" (hereafter, Plaintiffs' "and/or" construction argument). In doing so, they argued, the district court erroneously construed the regulation as exempting *all* Canadian citizens from the I-94 requirement. They maintained that, read correctly, only Canadians who enter the United States *with BCCs* are exempted from receiving a Form I-94 under § 235.1(h)(1)(i), because they are the only aliens referenced both in § 212.1(a) "and" in § 41.33. Thus, Plaintiffs argued that Defendants misapplied § 235.1(h) by exempting Mr. Pelletier from the

---

[3] Plaintiffs do not claim any error in this ruling.

I-94 requirement because he did not enter the United States as a Canadian with a

BCC.[4]

In denying Plaintiffs' Rule 60(b) motion, the district court first rejected their

"and/or" construction argument on the merits.  But it also observed that they had not

raised that argument in their summary judgment briefing.  The district court held it

could not grant Plaintiffs relief from the Final Judgment under Rule 60(b)(1) based

on an argument that they could have, but failed to raise earlier in the summary

judgment proceedings.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577

(10th Cir. 1996).

Plaintiffs do not indicate in their Opening Brief on appeal, as required by

10th Cir. R. 28.2(C)(2), where they raised their "and/or" construction argument in the

district court or when that court ruled on it.  And the record citations they include

in their Reply Brief fail to show that they made the argument in their summary

judgment briefing.  We agree with the district court that they raised it for the

first time in their Rule 60(b) motion.[5]  Because we lack jurisdiction to

---

[4]     Relatedly, Plaintiffs also argued that an IFM policy erroneously construes the "and" in § 235.1(h)(1)(i) as if it read "or."  They maintained that the IFM provision is therefore a "legislative" rather than an "interpretive" rule, and that Defendants violated applicable rulemaking procedures in promulgating it.

[5]     We note also the district court's statement in the Summary Judgment Order that Plaintiffs had not contested Defendants' characterization of the IFM policies as "interpretative."  Aplt. App. at 207.

review the district court's denial of that motion, we dismiss this portion of Plaintiffs' appeal.[6]

## C. Grant of Summary Judgment on Constitutional Claims

Plaintiffs asserted in their Complaint that § 235.1(h) and the related IFM policies violate the Equal Protection Clause by exempting Canadian citizens from the I-94 requirement. The district court held this claim could not withstand rational-basis review. Plaintiffs also alleged that Defendants' application of these provisions to Mr. Pelletier violated the Due Process Clause. The court rejected that claim because Defendants had complied with the plain meaning of the applicable provisions. In challenging these rulings on appeal, Plaintiffs again argue that the district court misconstrued § 235.1(h). But we lack jurisdiction to reach this contention of error, which hinges entirely on their "and/or" construction argument that the district court rejected in denying their Rule 60(b) motion. We therefore dismiss this portion of Plaintiffs' appeal as well.

Plaintiffs also argued in the district court that they were entitled to summary judgment on their claim that Mr. Pelletier was arrested without probable cause in

---

[6] Plaintiffs also argue that, in entering summary judgment on their APA claim, the district court erred by determining that Defendants complied with a different regulation: 8 C.F.R. § 103.2(b)(16)(i). But they fail to show that they raised this issue in their summary judgment briefing or that the district court made any determination on it in the Summary Judgment Order or otherwise. Moreover, Plaintiffs' argument is not sufficiently developed to allow for meaningful review. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that . . . are inadequately presented[] in an appellant's opening brief."). For these reasons, we decline to address this contention.

violation of the Fourth Amendment. The district court held that they failed to plead this claim. It observed that Plaintiffs only alleged an unlawful arrest in support of their application for a writ of habeas corpus. In that claim, they asserted that Mr. Pelletier's arrest violated certain *statutory* and *regulatory* provisions. *See* Aplt. App. at 89. The court therefore denied Plaintiffs' summary judgment motion with respect to a Fourth Amendment violation and entered judgment in favor of Defendants. We affirm the district court's decision because Plaintiffs' citations to the Complaint do not support their assertion that they pled a Fourth Amendment claim.

### D. Dismissal of Suppression Claim for Lack of Jurisdiction

In their Complaint, Plaintiffs sought "suppression" of certain immigration forms relating to Mr. Pelletier, specifically the NTA, the Record of Deportable Alien, and the warrant for his arrest (Forms I-862, I-213, and I-200, respectively). They alleged that these forms were not supported by substantial evidence, are inadmissible, and are otherwise unlawful. Plaintiffs further asserted that these forms violated Mr. Pelletier's due process and equal protection interests in lawfully applying for adjustment of status based on his marriage to a United States citizen.

Defendants argued that Plaintiffs' suppression claim should be dismissed for lack of jurisdiction. They asserted that, because the immigration forms Plaintiffs challenge are used solely in Mr. Pelletier's removal proceedings, 8 U.S.C. § 1252(g) bars the district court from exercising jurisdiction over the claim. That section states

- 10 -

that, "[e]xcept as provided in [§ 1252,] . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.*

In response to Defendants' contention, Plaintiffs asserted only "that the forms they challenge 'preceded Defendants' filing the NTA . . . [and] removal proceedings do not commence until the NTA is filed,' suggesting that the forms could not have arisen from the removal proceedings." Aplt. App. at 122 (Dismissal Order, quoting Plaintiffs' opposition to Defendants' motion to dismiss) (internal quotation marks and brackets omitted).[7] The district court held it lacked jurisdiction over Plaintiffs' suppression claim because the challenged forms were "directly and immediately connected with the Attorney General's decision to commence [removal] proceedings [against Mr. Pelletier]." *Id.* at 122-23 (internal quotation marks omitted).

Plaintiffs now argue that their suppression claim does not arise from the Attorney General's decisions or actions delineated in § 1252(g) because the Record of Deportable Alien form could be used outside of Mr. Pelletier's removal

---

[7]    Plaintiffs did not include in the Appellants' Appendix their filing in opposition to Defendants' motion to dismiss. But we can take judicial notice of that filing on the district court's docket. *See Pelletier v. United States*, No. 1:11-CV-01377-WJM-CBS (D. Colo. June 1, 2012) (Plaintiffs' opposition to Defendants' motion to strike and motion to dismiss Complaint), ECF No. 87 at 6; *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (court has discretion to take judicial notice of publicly filed records concerning matters bearing directly on disposition of case at hand).

proceedings to deny him adjustment of status and other benefits. Plaintiffs assert that they "have a right to be heard on [this] issue." Aplt. Opening Br. at 35. But their opportunity to advance this contention was in response to Defendants' motion to dismiss. Yet they did not raise the argument, and the district court did not consider or make any ruling on it. "An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (internal quotation marks omitted). "[A]nd we generally do not consider new theories on appeal—even those that fall under the same general category as one that was presented in the district court." *Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1244 (10th Cir. 2009). Accordingly, we decline to reach Plaintiffs' argument concerning the district court's dismissal of their suppression claim, and we affirm the judgment on that claim in Defendants' favor.[8]

### E. Dismissal of Habeas Claim for Lack of Jurisdiction

An alien may challenge his detention pending a decision in his removal proceedings through a habeas corpus application under to 28 U.S.C. § 2241. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008). Plaintiffs alleged in their Complaint that Mr. Pelletier was unlawfully arrested and detained on August 28, 2009. They asserted that he remains in custody pursuant to the terms of his

---

[8] Plaintiffs do not ask us to review this issue for plain error, and they make no attempt to meet that standard. *See Somerlott*, 686 F.3d at 1151.

immigration bond, which severely restrict his liberty interests by precluding him from traveling to Canada and by requiring him to appear at Immigration Court hearings.  Defendants argued that the district court lacked jurisdiction over this claim because Mr. Pelletier was released from detention, and "the writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The "in custody" requirement for habeas relief is jurisdictional.  *Dry v. CFR Court of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999).

The district court agreed with Defendants and dismissed Plaintiffs' habeas application for lack of jurisdiction.  It acknowledged that, consistent with this court's holding in *Dry*, "[a] petitioner need not show actual, physical custody to obtain relief" under § 2241(c)(3).  168 F.3d at 1208.  But it concluded that *Dry* is distinguishable.

We held in *Dry* that appellants who had been released on their own recognizance pending trial remained "in custody" for purposes of their habeas application.  *Id.*  We stated that, "[a]lthough Appellants are ostensibly free to come and go as they please, they remain obligated to appear for trial at the court's discretion.  This is sufficient to meet the 'in custody' requirement of the habeas statute."  *Id.*  We therefore reversed the district court's dismissal of the appellants' habeas application.  *Id.* at 1209.

- 13 -

In attempting to distinguish Mr. Pelletier's circumstances, the district court reasoned that the appellants in *Dry* remained in custody because they "could be ordered to appear for trial *at any time* at the discretion of the court." Aplt. App. at 120-21 (emphasis added). Defendants likewise suggest our decision in *Dry* was based on the appellants' lack of notice in that case regarding when they would be required to appear. But the decision says nothing more than that the appellants were "obligated to appear for trial at the court's discretion." *Dry*, 168 F.3d at 1208. Mr. Pelletier also must appear at immigration hearings scheduled at the discretion of the Immigration Court. We hold that, under *Dry*, Mr. Pelletier alleged sufficient facts to satisfy the "in custody" requirement in § 2241(c)(3). We therefore reverse the district court's dismissal of Plaintiffs' habeas application for lack of jurisdiction.

## III. Conclusion

We dismiss for lack of jurisdiction Plaintiffs' appeal of the district court's order denying their Rule 60(b) motion. We reverse the district court's dismissal of their application for a writ of habeas corpus and remand that claim for further proceedings. We otherwise affirm the district court's judgment in favor of Defendants.

Entered for the Court

Gregory A. Phillips
Circuit Judge

- 14 -