**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLEN PELLETIER; CARRIE LYNN
PELLETIER; HOBIE MATTHEW
WITT,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA;
JOHN LONGSHORE, Field Director,
Immigration and Customs
Enforcement, Denver District;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; STEVEN M.
BRANCH, Field Office Director, Salt
Lake City Field Office,

    Defendants - Appellees.

No. 15-1358
(D.C. No. 1:11-CV-01377-WJM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.

---

Submitted on the briefs:[**]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th

Plaintiff-Appellant Glen Pelletier,[1] a citizen of Canada, appeals from a vast array of orders and judgments by the district court, including the order denying his third motion to reconsider under Rule 60(b) and granting Defendants' motion for summary judgment on his habeas petition (ECF No. 157), as well as the court's final judgment (ECF No. 158). Because we find no merit in any of Mr. Pelletier's arguments, we affirm the district court's judgments.

Background

Immigration enforcement agents detained Mr. Pelletier on August 28, 2008, and removal proceedings have continued since his release on bond. His next hearing in immigration court is scheduled for November 29, 2019. Mr. Pelletier's claims against the government in this separate case are primarily based on Defendants' failure to issue Mr. Pelletier a Form I-94 Arrival Departure Record upon his entry into the United States.[2] This failure, Mr. Pelletier asserts, prevents him from establishing that he entered the United States lawfully in June 2006. In the first appeal of this case, Pelletier v. United States, 588 F. App'x 784 (10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]    Mr. Pelletier brought this case together with his wife Carrie Lynn Pelletier and his stepson Hobie Matthew Witt, both U.S. citizens. For simplicity, this decision will only refer to Mr. Pelletier.

[2]  8 C.F.R. § 235.1(h) establishes who is issued a Form I-94. Mr. Pelletier contends that the district court incorrectly applied the word "and" in this section to mean "or." His reading of § 235.1(h) would have entitled him to a Form I-94.

Cir. 2014), we affirmed the district court's judgment on Mr. Pelletier's Fourth Amendment and suppression claims, dismissed for lack of jurisdiction his Administrative Procedure Act (APA), due process, and equal protection appeals, and reversed the dismissal of his application for a writ of habeas corpus. We remanded to the district court for further proceedings on the habeas claim. The parties are familiar with the remaining facts and lengthy procedural history in this case, and we need not restate them here.

Discussion

A.     Rule 60(b) Motion

Rule 60(b) permits relief from a final judgment, order, or proceeding in limited circumstances. See Fed. R. Civ. P. 60(b). On appeal, we review an order denying Rule 60(b) relief only to determine whether the district court abused its discretion in denying relief; our review does not extend to the underlying judgment. Lebahn v. Owens, 813 F.3d 1300, 1305 (10th Cir. 2016). We recognize Mr. Pelletier's contention that our review is de novo given his claim that the underlying judgment is void. See Stubblefield v. Windsor Capital Grp., 74 F.3d 990, 994 (10th Cir. 1996). But because Mr. Pelletier has not made a colorable argument that the underlying judgment is void, our normal standard of review applies. Relief under Rule 60(b) "is 'extraordinary and may only be granted in exceptional circumstances.'" Yapp v. Excel Corp., 186 F.3d 1222,

-3-

1231 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)).

### 1. Fourth Amendment & Suppression Claims

In his third Rule 60(b) motion (ECF No. 152), Mr. Pelletier asked the district court to reconsider its rulings on his Fourth Amendment and suppression claims—judgments that this court explicitly affirmed on appeal. "When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." United States v. West, 646 F.3d 745, 747–48 (10th Cir. 2011) (quotation marks, alteration, and citation omitted). This "mandate rule" establishes that "an appellate mandate binds a lower court on remand." 18B Charles Alan Wright et al., Fed. Prac. & Proc. § 4478.3 (2d ed. Apr. 2016 update). Mr. Pelletier's Fourth Amendment and suppression claims are controlled by this court's earlier mandate and the district court correctly determined it had no authority to stray from our holdings. We affirm the district court's denial of relief under Rule 60(b) on these claims.

### 2. APA, Due Process, & Equal Protection Claims

In the same motion, Mr. Pelletier also requested the district court reconsider its decisions on his APA, due process, and equal protection claims—claims that we dismissed on appeal for lack of jurisdiction without

addressing the merits.[3] "Law of the case principles do 'not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded.'" Wilmer v. Bd. of Cty. Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995) (quoting United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir. 1994)). But, "[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Concrete Works of Colo., Inc. v. City & Cty. of Denver, 321 F.3d 950, 992 (10th Cir. 2003) (quoting Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993)). We agree with the district court that "[i]f an issue is dismissed for failure to file a notice of appeal," as the claims were here, it is "the functional equivalent of not appealing." Pelletier v. United States, No. 11-cv-01377-WJM-CBS, 2015 WL 4387909, at *13 (D. Colo. July 17, 2015). The district court's original holdings on these claims—rejecting Mr. Pelletier's "and/or" argument on its merits—became the law of the case.

The law of the case doctrine does not necessarily prevent the district court from reconsidering its own holdings. It may do so, however, only in "three 'exceptionally narrow' exceptions: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a

_____

[3] All of these arguments hinge on Mr. Pelletier's "and/or" argument.

contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." Concrete Works of Colo., 321 F.3d at 993 (quoting Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1133 (10th Cir. 2001)). Mr. Pelletier contends that the district court's previous holdings are "clearly erroneous orders causing manifest injustice." Aplt. Br. at 15. He bases his argument again on his "and/or" theory. In reviewing its original holding on this issue to determine if it was indeed clearly erroneous or manifestly unjust, the district court once again evaluated this "and/or" theory. Noting that it was conducting this review "in the rapidly thinning interests of justice," the district court again rejected Mr. Pelletier's reading of 8 C.F.R. § 235.1(h). Explaining that this reading would only include Bermudian citizens and Bahamian nationals that are Canadian permanent residents, the court concluded "that this would be an extremely small subset of individuals and plainly not what the Government sought to address through § 235.1(h)(1)(i)." Pelletier, 2015 WL 4387909, at *14. Finding no clear error, the court therefore refused to depart from the law of the case and denied relief under Rule 60(b). We cannot say the district court abused its discretion in so ruling and therefore affirm this portion of the court's order as well.[4]

---

[4] We reiterate that our review is restricted to whether the district court abused its discretion in denying relief under Rule 60(b). We do not reach the merits of Mr. Pelletier's "and/or" argument.

B.    Summary Judgment under Fed. R. Civ. P. 56(a)

On remand, the only claim remaining before the district court was Mr. Pelletier's petition for a writ of habeas corpus. The government moved for summary judgment on this claim, which the district court granted. We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. Ribeau v. Katt, 681 F.3d 1190, 1194 (10th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To the extent that Mr. Pelletier is attempting to use his habeas petition on remand as a vehicle to relitigate his APA, constitutional, and suppression claims, we hold that these arguments are precluded by the law of the case doctrine and mandate rule, as explained above. It remains unclear what relief Mr. Pelletier seeks via his habeas petition. To the extent that Mr. Pelletier seeks modification of or release from the conditions of his bond, 8 U.S.C. § 1226(e) expressly bars judicial review of "any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). To the extent Mr. Pelletier seeks release from his removal proceedings, 8 U.S.C. § 1252(g) strips courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

adjudicate cases, or execute removal orders against any alien under this chapter."

8 U.S.C. § 1252(g).  Because the district court could not provide relief to Mr.

Pelletier, Defendants were entitled to judgment as a matter of law, and we affirm

the district court's grant of Defendants' summary judgment motion.

## Other Appeals

Mr. Pelletier attempts to appeal the district court's order denying his first

motion to reconsider, entered on June 19, 2014 (ECF No. 133).  But he failed to

file an appeal of that order within 60 days as required by Rule 4(a)(1)(B), Fed. R.

App. P., and we therefore dismiss this portion of his appeal.  Mr. Pelletier also

attempts to appeal the district court's order entered on February 4, 2013,

dismissing his habeas and suppression claims (ECF No. 110).  We have already

ruled on an appeal from this order, however.  Pelletier, 588 F. App'x 784.  We

therefore also dismiss this portion of his current appeal.  We have considered all

of Mr. Pelletier's arguments in favor of his remaining appeals.[5]  Finding them

without merit, we affirm the district court's judgment on the remaining issues.

AFFIRMED.  We DISMISS that portion of the appeal which seeks to

---

[5]  Mr. Pelletier also appeals the: Order denying plaintiffs' motion to amend their summary judgment response and denying as moot plaintiffs' motion to accept untimely exhibit (ECF No. 157); Order denying plaintiffs' motion for reconsideration of order striking plaintiffs' second motion for reconsideration (ECF No. 149); and Order striking plaintiffs' second motion for reconsideration (ECF No. 145).

challenge the district court's February 4, 2013 and June 19, 2014 orders.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge